**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| _____ | : | |
| TEAMSTERS HEALTH AND WELFARE | : | |
| FUND OF PHILADELPHIA AND | : | |
| VICINITY, et al | : | |
| | : | |
| Plaintiffs, | : | Civil No. 06-4519 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DIMEDIO LIME COMPANY | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## O P I N I O N

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Plaintiff Teamsters Health and

Welfare Fund of Philadelphia and Vicinity and Plaintiff Teamsters Pension Trust Fund of

Philadelphia and Vicinity  (Plaintiffs) for entry of default judgment pursuant to Federal Rule of

Civil Procedure 55 against Defendant DeMedio Lime Company (Defendant).  Because

Defendant has failed to appear, answer, or otherwise defend in this matter, and the Court is

satisfied that the complaint establishes a legitimate cause of action, the Court grants Plaintiffs'

motion.

## I.    BACKGROUND[1]

### A.    The Parties

_____

[1]Because Defendant has not responded in any way to this case, all factual information
comes from Plaintiff's Motion for Entry of Judgment by Default and the attached exhibits.

Defendant is a corporation that employs members of Teamsters Local Union No. 676. Plaintiffs Health and Welfare Fund and Pension Trust Fund are multiemployer benefit funds that collect contributions from employers, including Defendant, for the benefit of their Teamster members. The relationship between Plaintiffs and Defendant is governed by a collective bargaining agreement.

Contributions to these Plaintiff Funds are calculated by multiplying the number of hours worked by Defendants' employees by a rate provided in the collective bargaining agreement, which also sets out the time frames for payment. Article 45 establishes the terms for Defendant's monthly contribution to Plaintiff Teamsters Health and Welfare Fund. Section 5 of Article 45 provides that "Failure on the part of the Employer to contribute as specified hereinabove shall make him liable for all claims, damages, attorneys fees, court costs, plus all arrears in payment plus a ten percent (10%) penalty." (Pls.' Ex. 7 at 15.) Article 51 governs pensions and mandates that Defendant contribute to the Plaintiff Teamsters Pension Trust Fund. Similarly, the agreement provides in Section 8 of Article 51 that "Failure on the part of the Employer to contribute as specified hereinabove shall make him liable for all claims, damages, attorneys fees, court costs, plus all arrears in payment plus a ten percent (10%) penalty." (Pls.' Ex. 7 at 19.)

Plaintiffs conducted an audit of Defendant's contributions made in 2004 and notified Defendant in February 2006 that the Health and Welfare Fund was owed $2,623.91 and the Pension Trust Fund was owed $1,426.06. (Pls.' Ex. 1.) Plaintiffs sent an additional letter seeking payment on August 8, 2006, indicating that if payment was not received within ten days, they would file a complaint in District Court. (Pls.' Ex. 3.) On September 28, 2006, Plaintiffs filed the complaint in this case, and Plaintiffs allege that they received the delinquent contributions from Defendant within days of filing. However, Defendant did remit payment for

the ten percent penalty on the late contributions, interest, fees, or costs requested by Plaintiffs. On November 1, 2006, and February 13, 2007, Plaintiffs sent additional letters to Defendant, demanding paying of the interest, attorneys' fees, and costs.  (Pls.' Ex. 4.)  Defendant did not respond to Plaintiffs' requests or to the still-pending complaint in this Court.

On April 3, 2007, the Clerk of the Court filed an Entry of Default against Defendant at the request of Plaintiffs.  Plaintiffs filed this motion for default judgment shortly thereafter, requesting a total of $3,779.47.  This includes $262.39 in liquidated damages to the Welfare Fund, $355.87 in interest to the Welfare Fund, $142.60 in liquidated damages to the Pension Fund, $192.11 in interest to the Pension Fund, $2,277.50 in attorneys' fees, and $549.00 in costs.

## II.    STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action.  Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."  Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright,

Arthur R. Miller & Mary Kay Kane, <u>10A Federal Practice and Procedure</u> § 2688, at 58-59, 63 (3d ed. 1998)). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." <u>Asher</u>, 2006 WL 680533, at *1 (citing Wright, Miller, & Kane, § 2688, at 63). The Court must therefore determine if Plaintiffs have stated a legitimate cause of action under contract law or ERISA. The Court must also determine whether any appropriate damages are for a sum certain. <u>See</u> <u>Comdyne</u>, 908 F.2d at 1189; <u>Credit Lyonnais Securities (USA), Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999).

## III.    DISCUSSION

### A.    Cause of Action

In the Complaint, Plaintiffs allege violations under both contract law and ERISA. (Compl. ¶ 10-15.) Applying the unchallenged factual allegations in the Complaint demonstrates that the Plaintiffs state legitimate claims under ERISA, so the Court need not evaluate the contract claims.

Section 515 of ERISA provides that any employer, who is obligated to make contributions to a multiemployer benefit plan under a collective bargaining agreement, must make such contributions in accordance with the terms and conditions of that agreement. 29 U.S.C. § 1145. If an employer who is obligated to make contributions fails to do so in violation of the collective bargaining agreement, then the Court may award the plan (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the (a) interest on the unpaid contributions, or (b) liquidated damages; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. 29 U.S. C. § 1132(g).

Here, Defendants submitted payment for their previously delinquent contributions after the filing of the complaint, and Plaintiffs now seek liquidated damages as provided in the contract, interest, attorneys' fees, and costs.  The collective bargaining agreement clearly sets out Defendant's responsibilities with regard to contributions and the penalties for delinquency, including liquidated damages at ten percent of the missing contribution, interest, fees, and costs. (Pls.' Ex. 7.)  Plaintiffs' allege in their complaint that they are a multiemployer plan and that Defendant is an employer within the meaning of ERISA, and the Court accepts these allegations as true.  (Compl. ¶ 4,6.)  Plaintiffs therefore have stated a cause of action under ERISA.  See Local Union No. 825, 825A, 825B, 825C, 825D, 825R, 825RH, Intern. Union of Operating Engineers, AFL-CIO v. Key Contracting, LLC, Civ. No. 05-3269, 2006 WL 1540997 (D.N.J., May 30, 2006).

### B.   *Emasco* Factors

Having determined that Plaintiffs state a cause of action,  the Court must also consider three factors in deciding whether entry of default judgment is appropriate: (1) whether plaintiff will be prejudiced if default is not granted, (2) whether defendant has a meritorious defense, and (3) whether defendant's delay was the result of culpable misconduct.  Carpenters Health & Welfare Fund v. Naglak Design, 1995 WL 20848 *2 (E.D. Pa. 1995) (citing Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); Hritz, 732 F.2d at 1181) (granting default judgment in a case similar to that at bar, for failure to submit remittance reports and pay contributions to funds as required by collective bargaining agreement).  However, where the Defendant has not filed any responsive pleadings or otherwise shown cause why default judgment should not be granted in Plaintiffs' favor, the Court is "not in a position to judge whether the Defendant has a meritorious defense or whether any delay was the result of culpable misconduct."  Id.  Therefore,

because Defendant has not made any appearance in this matter, the remaining question for the Court is whether the Plaintiffs will be prejudiced if default is not granted.  Id.

Though Plaintiffs have already received the delinquent contributions, Defendant has not paid the penalty, interest, fees, or costs.  Plaintiffs have attempted to collect these payments through a number of letters and other communications with Defendant and have been unsuccessful.  (Pls. Exs. 2-4.)  Defendant agreed, in the collective bargaining agreement, to these consequences for failure to promptly remit contributions in the collective bargaining agreement. Defendant has not appeared or responded in any way in this case, and the Court, absent any explanation or excuse, will hold Defendant to its bargain.  The Third Circuit has noted that it would contravene the purposes of ERISA to permit employers to evade the penalties for delinquency paying their previously unpaid contributions only after initiation of a lawsuit.  See United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Ctr., 501 F.3d 283, 289-90 (3d Cir. 2007).  Because Plaintiffs have no other means of pursuing their claims against Defendant, they will be prejudiced if default is not granted.  See Carpenters Health & Welfare Fund v. Naglak Design, 1995 WL 20848 *2 (E.D.Pa.1995).  Accordingly, the relevant Emasco factors recommend that entry of default judgment is appropriate.

Therefore, because Plaintiffs have stated a cause of action and the Emasco factors are met, the Court will enter a default judgment against Defendant.

## C.  Liquidated Damages, Prejudgment Interest, Attorneys Fees and Costs

### 1.     Liquidated Damages

Section 515 of ERISA provides a Court shall, after finding that an employer has been delinquent with contribution payments, award the multiemployer plan an amount equal to the greater of the (a) interest on the unpaid contributions, or (b) liquidated damages.  The

collective bargaining agreement provides for liquidated damages of ten percent of the unpaid contributions.  That sum here is $262.39 to the Health and Welfare Fund and $142.60 to the Pension Trust Fund.

### 2.    Prejudgment Interest

Generally, district courts have discretion to determine whether to allow prejudgment interest in claims arising under federal labor law.  Glass Molders, Pottery, Plastics & Allied Workers Int'l Union v. Owens-Illinois, Inc., 758 F. Supp. 962, 975 (D.N.J. 1991) (citing Ambromovage v. United Mine Workers, 726 F.2d 972, 982 (3d Cir. 1984)).  Prejudgment interest is usually available when the damages from a breach of contract are ascertainable with mathematical precision.  Eazor Express, Inc. v. Int'l Brotherhood of Teamsters, 520 F.2d 951, 973 (3d Cir. 1975).  The amount of the unpaid contributions is a readily ascertainable amount, and so prejudgment interest is appropriate.  The Court will award the requested $355.87 to the Health and Welfare Fund and $192.11 to the Pension Trust Fund, representing the interest accrued on the unpaid contributions through September 29, 2006 (the filing of the complaint).

### 3.    Fees and Costs

ERISA allows a prevailing plan to recover "reasonable attorney's fees."  29 U.S.C. § 1132(g)(2)(D). Attorneys for the Plaintiffs have submitted a sworn affidavit in support of their petition for fees and costs, detailing the amount of time spent on this case and the various tasks performed, the rates per hour requested for the two attorneys and one paralegal working on this case, and a statement that the rates charged are consistent with regional market rates for similar litigation.  (Pls.' Ex. 4.)  The affidavit also indicates the amounts spent on litigation costs.

The Court finds that an award of attorneys' fees and costs is appropriate and that the amounts requested are reasonable.  The Court awards Plaintiffs the requested $2,277.50 in

attorneys' fees and $549.00 in costs.

## IV.    CONCLUSION

Because Defendant has failed to appear, answer, or otherwise defend in this matter, and

the Court is satisfied that the complaint establishes a legitimate cause of action and the relevant

factors have been met, the Court grants Plaintiffs' motion for entry of default judgment.

Judgment will be entered against Defendant in the amount of $952.97, and the Court awards

Plaintiffs attorneys' fees in the amount of $2,244.50 and costs in the amount of $549.00.  An

accompanying order will issue today.

Dated:    11/30/2007                                   /s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge